IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| LATARSHA WILLIAMS, Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:24CV824 (RCY) |
| NAVY FEDERAL CREDIT UNION, Defendant. | ) | |

**MEMORANDUM OPINION**

This is a banking discrimination action brought by *pro se* Plaintiffs Latarsha Williams and George Friday, Sr.,[1] who filed this action against Defendant Navy Federal Credit Union ("Navy Federal") alleging discrimination under the Fair Housing Act, the Equal Credit Opportunity Act, and 42 U.S.C. § 1981, which the Court construes as an alleged race discrimination claim. The case is presently before the Court on Defendant's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(6), as well as Plaintiff's Motion for Leave to Amend. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. E.D. Va. Loc. Civ. R. 7(J).

For the reasons set forth below, the Court finds that Plaintiff fails to state a claim upon which the Court can grant legal relief, and thus, Plaintiff's Second Amended Complaint is futile. As such, the Court will grant Defendant's Motion to Dismiss and deny Plaintiff's Motion for Leave to file a Second Amended Complaint. Further, while Defendant failed to address Plaintiff's § 1981

[1] Plaintiff Latarsha Williams notified the Court on April 2, 2025, that Plaintiff George Friday, Sr., had died. Mot. Clarification, ECF No. 28. However, Ms. Williams has not filed a motion for substitution to proceed with Mr. Friday's claims within the required 90-day window. Fed. R. Civ. P. 25(a)(1); *see Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961–63 (4th Cir. 1985). As such, the Court will refer to Ms. Williams as the sole plaintiff proceeding with her claim.

claim in its Motion to Dismiss, the Court orders Plaintiff to show cause as to why that claim should not be similarly dismissed for failure to state a claim.

## I. FACTUAL ALLEGATIONS

Plaintiff Latarsha Williams has been a member of Navy Federal Credit Union for ten years, during which time she has applied—and subsequently been denied—for three different loans. Am. Compl. 10, ECF No. 2-1.[2] In 2021, Plaintiff opened a business banking account with Navy Federal, but it was not until 2022 that she applied for her first loan. *Id*. In July of 2022, Plaintiff alleges she applied for a personal loan with Navy Federal in the amount of $20,000, which Defendant denied because "[her] income was insufficient." *Id*. Plaintiff further alleges that after submitting proof of income to Navy Federal, she was again denied because Navy Federal "could not verify [her] income." *Id*.

Two years later, in 2024, Plaintiff once more applied for a loan with Defendant, this time for a $10,000 business line of credit. *Id*. However, Plaintiff alleges that this line of credit was denied because Navy Federal deemed her an "Outside Risk." *Id*. According to Plaintiff, she called Navy Federal to dispute this transaction and ascertain the meaning of "Outside Risk." *Id.* During this call, Plaintiff spoke with a Business Specialist who stated Plaintiff was considered an Outside Risk because "[her] credit score had to be in the high 600s or low 700s." *Id.* Plaintiff contends her credit score met the required threshold at the time. *Id*. Despite the previous denials, Plaintiff states that Navy Federal told Plaintiff she was able to apply again. *Id.* As such, Plaintiff applied to refinance her vehicle, which was likewise denied. *Id.* According to Plaintiff, Navy Federal explained that they denied her because Ms. Williams "ha[d] too many accounts for one person." *Id*.

---

[2] The Court utilizes the pagination assigned by the CM/ECF system.

## II. PROCEDURAL POSTURE

On October 18, 2024, Plaintiff filed a complaint against Navy Federal in the Chesterfield County Circuit Court. Compl., ECF No. 1. On November 19, 2024, Navy Federal removed the suit to this Court based on federal question jurisdiction. ECF No. 2. On November 26, 2024, Navy Federal filed a Motion to Dismiss for failure to state a claim, ECF No. 4, and a Memorandum in Support thereof. ECF No. 5. Plaintiff filed her Opposition to Defendant's Motion to Dismiss on December 16, 2024, along with a Motion to Amend her Complaint, which was timely filed. ECF No. 9; Mot. Am. Compl., ECF No. 10.

On December 30, 2024, Navy Federal filed a 12(b)(6) Motion to Dismiss the Amended Complaint, along with a Memorandum in Support thereof. Mot. Dismiss Am. Compl., ECF No. 13; Mem. Supp., ECF 14. Navy Federal also filed a proper Roseboro Notice pursuant to Rule 7(K) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. ECF No. 17. On January 2, 2025, Navy Federal filed its Reply to Plaintiff's Opposition, Reply, ECF No. 18, with respect to the first Motion to Dismiss. That same day, Plaintiff filed a Motion to file a Second Amended Complaint ("SAC"). Mot. Am. Compl., ECF 19. On January 3, 2025, this Court ordered that, because Plaintiff sought to amend her first Complaint within twenty-one days of Defendant's 12(b)(6) Motion to Dismiss, the motion was timely.[3] Order, ECF No. 21. As such, the Court denied as moot Navy Federal's Motion to Dismiss the original Complaint. *Id.* On January 16, 2025, Defendant filed their Response in Opposition regarding Plaintiff's Motion to file a Second Amended Complaint. Resp. Opp'n Mot. SAC, ECF No. 26. Plaintiff did not file a

[3] As Plaintiff failed to file her Amended Complaint with her Motion to Amend, the Court constructively added in the language "the defendant [sic] adverse action letter denied the Plaintiff service stating Plaintiff was an 'Outside Risk Tolerance.'" Order, ECF No. 21.

Response in Opposition to Defendant's Motion to Dismiss the Amended Complaint, and Defendant did not Reply.

## III. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N. Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). A Rule 12(b)(6) motion "is not a procedure for resolving . . . contest[s] between the parties about the facts or the substantive merits of the plaintiff's case." Wright, Miller, & Spencer, *supra*, § 1356. Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* (citations omitted). The plaintiff's well-pleaded factual allegations are assumed to be true, and the complaint is viewed in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). All reasonable inferences that can be drawn from the complaint are drawn in the plaintiff's favor. *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020).

However, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*,

550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Labels and conclusions," a "formulaic recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Id.* Ultimately, though, "on a Rule 12(b)(6) motion, the burden lies with the movant to show entitlement to dismissal." *Ziegler v. Dunn*, 2024 WL 761860, at *2 (E.D. Va. Feb. 23, 2024) (citing Wright, Miller, & Spencer, *supra*, § 1357).

Also, a *pro se* complaint is "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure," *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), nor does it require the Court to discern the unexpressed intent of a plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategy for a party," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). So, a *pro se* complaint "must nevertheless set forth enough facts to state a claim." *Erwin v. FedEx Freight, Inc.*, 2023 WL 5959422, at *2 (E.D. Va. Sept. 13, 2023).

If a Rule 12(b)(6) motion is granted, the dismissal generally is not with prejudice, because a district court is normally to "give the plaintiff leave to file an amended complaint to see if the shortcomings of the original document can be corrected." Wright, Miller, & Spencer, *supra*, § 1357. However, a Rule 12(b)(6) dismissal without leave to amend is appropriate where it appears a plaintiff cannot cure the defect, such that permitting amendment would be futile. *Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008).

## IV. DISCUSSION

Plaintiff alleges that "[Navy Federal] discriminat[ed] against [her] by considering [her] an Outside Risk," which has prevented her from receiving approval for loans she is qualified for and

will continue to prevent her from receiving approval in the future. *Id.* at 11. Plaintiff brings claims under the Fair Housing Act ("FHA"), 42 U.S.C. § 3605 *et seq.*, the Equal Credit Opportunity Act ("ECOA"), 15 U.SC. § 1691, and 42 U.S.C. § 1981[4]. *See* Am. Compl. The Court will first address Navy Federal's Motion to Dismiss Plaintiff's Amended Complaint, before turning to Plaintiff's Motion to file a Second Amended Complaint. Lastly, the Court will address Plaintiff's remaining claims.

**A. Motion to Dismiss**

In its Motion to Dismiss, Navy Federal argues that Plaintiff has failed to state a claim under the FHA[5] and ECOA. *See generally* Mem. Supp. Navy Federal notes that both the FHA and ECOA create liability for members of certain protected classes who have experienced discrimination. *Id.* at 4. However, Navy Federal contends that Plaintiff has failed to allege that she is a member of a protected class, nor has she alleged any direct or inferential evidence of discriminatory intent. *Id.* at 5.

Both the FHA and ECOA prohibit discrimination on the basis of certain protected characteristics, including race, national origin, and sex. 15 U.SC. § 1691(a)(1); 42 U.S.C. §

[4] Plaintiff also raises a "claim" under 28 U.S.C. § 1343; however, § 1343 does not create a separate cause of action, it simply grants federal courts original jurisdiction over suits involving a civil rights claim, such as those under § 1981. *See Easley v. Blossom*, 394 F. Supp. 343, 345 (S.D. Fla. 1975) (finding that § 1343 is "merely a jurisdictional statute, and cannot itself be a basis for a cause of action"). Accordingly, § 1343 will not be analyzed separately.

Similarly, 28 U.S.C. 139(b) governs venue for civil actions and does not create a separate cause of action.

[5] Navy Federal also contends that § 3605 of the FHA only applies to residential-related transactions, not commercial transactions. Mem. Supp. 4–5. The FHA defines "residential real estate-related transaction" as "the making or purchasing of loans or providing other financial assistance for purchasing, constructing, improving, repairing, or maintaining a *dwelling*." § 3605(b)(1)(A) (emphasis added). Courts have read this definition to imply that "the focus is on whether the individuals that are subject to discrimination use or intend to use the building as a dwelling or residence." *Germain v. M&T Bank Corp.*, 111 F. Supp 3d 506, 522 (S.D.N.Y. 2015) (citing *U.S. v. Hughes Memorial Home*, 396 F. Supp. 544, 549(W.D. Va. 1975)). Thus, commercial transactions do not fall within the scope of the FHA. *See id.*; *see also Benton v. Phillips Edison & Co*., 2017 U.S. Dist. LEXIS 202719, at *11 (E.D. Va. Dec. 8, 2017). Here, Plaintiff's only loan application that relates to real estate is for her business line of credit, which she sought because "[she] was in the process of purchasing another property." Am. Compl. 10. While this is not a residential related real estate transaction, this issue is foreclosed by Plaintiff's failure to allege her membership in a protected class, discussed *infra*. *See generally* Am. Compl.

3605(a). In order to bring a claim under the FHA and ECOA, a plaintiff must allege that she is a member of a protected class and was discriminated against because of her membership in that class. *Richardson v. Bell P'ship, Inc.*, 2018 WL 10418861, at *3 (E.D. Va. Feb. 16, 2018), *aff'd*, 724 F. App'x 240 (4th Cir. 2018); *see also Wise v. Vilsack*, 496 F. App'x 283, 285 (4th Cir. 2012). Both statutes allow a plaintiff to bring suit under either a disparate impact or a disparate treatment theory of liability. *See Texas Dept. of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 524 (2015) (holding the FHA created a disparate impact theory of liability in addition to disparate treatment); *see also Oliver v. Navy Federal Credit Union*, 2024 WL 2786905, at *3 (E.D. Va. May 30, 2024). "A disparate treatment claim requires alleging that a defendant's actions were 'motivated by a racially discriminatory purpose, i.e., intentional discrimination, whereas a disparate impact claim requires alleging that a defendant's actions 'have a disproportionate adverse effect on minorities.'" *Oliver* 2024 WL 2786905, at *3 (quoting *Betsey v. Turtle Creek Assocs*., 736 F.2d 983, 986 (4th Cir. 1984)). As Plaintiff alleges that Navy Federal discriminated against her, specifically by denying her loan applications, the Court construes Plaintiff's claim to allege a disparate treatment theory of liability. *See generally* Am. Compl.

To establish a disparate treatment theory of liability under the FHA and ECOA, a plaintiff must allege that (1) [s]he is a member of a protected class and (2) the defendant acted with a discriminatory intent. *See Texas Dept. of Hous. & Cmty. Affs.*, 576 U.S. at 524; *see Wise*, 496 F. App'x at 285. Discriminatory intent may be evidenced in one of two ways: either through direct or circumstantial evidence, or through inferential evidence. *See Oliver*, 2024 WL 2786905, at *3 (citing *Texas Dept. of Hous. & Cmty. Affs.*, 576 U.S. at 524).

Navy Federal argues that because Plaintiff has not alleged her membership in a protected class, nor has she alleged Navy Federal's actions were motivated by a discriminatory purpose, Plaintiff has failed to state a disparate treatment claim of discrimination. Mem. Supp. 4.

Since the ECOA and FHA share the same elements, the Court will begin its analysis with whether Plaintiff states a claim under the FHA or ECOA under the disparate treatment theory. The Court will first assess whether Plaintiff has alleged membership in a protected class and then turn to whether she has alleged sufficient facts to suggest Navy Federal acted with discriminatory intent. As the Court describes below, Plaintiff has failed to allege she is a member of a protected class and has failed to establish discriminatory intent—either through direct or circumstantial, or inferential, evidence.[6] As such, the Court will grant Defendant's Motion to Dismiss.

1. Membership in a Protected Class

Navy Federal argues that Plaintiff has failed to allege membership in a protected class, and as such, has not articulated a disparate treatment injury under the FHA or ECOA. Mem. Supp. 4. A disparate treatment theory of liability under the FHA and ECOA requires the plaintiff to first allege that he is a member of a protected class. *See Texas Dept. of Hous. & Cmty. Affs.*, 576 U.S. at 524; *see also Wise*, 496 F. App'x at 285. Protected classes include an individual's race, national origin, or gender. *See* 15 U.SC. § 1691(a)(1); 42 U.S.C. § 3605(a).

Specifically, Navy Federal states that because Plaintiff does not allege membership in a protected class, her "claim of discrimination fails at the first step." Mem. Supp. 5. Plaintiff did not file a Response to Navy Federal's contention.[7]

Here, Plaintiff alleges she was discriminated against because of her status as an "Outside Risk," as labeled by Navy Federal. Am. Compl. at 10. However, Plaintiff fails to allege

[6] While Navy Federal's Motion to Dismiss will be granted due to Plaintiff's failure to allege membership in a protected class, Navy Federal's Memorandum in Support also addresses the insufficiency of Plaintiff's claim as to discriminatory intent. Mem. Supp. 3. Thus, the Court briefly addresses those arguments forthwith.

[7] While Plaintiff filed a Response in Opposition to Defendant's first Motion to Dismiss, ECF No. 9, it was rendered moot once Plaintiff amended her Complaint, Order, ECF No. 21. Therefore, the Court will not consider Plaintiff's Response in Opposition. However, even if the Court were to consider it, Plaintiff's Response would not affect the outcome of the Court's decision, as the defects in the Complaint are not cured by the Response. *See generally* Resp. Opp'n.

membership in a class as provided in either statute—e.g., race, national origin, or gender. 15 U.SC. § 1691(a)(1); 42 U.S.C. § 3605(a); *see generally* Am. Compl. While being labeled an "Outside Risk" may contribute to Navy Federal's denial of Plaintiff's loan applications, such a classification is not protected by either the FHA or ECOA. *See* Am. Compl. 10; 15 U.SC. § 1691(a)(1); 42 U.S.C. § 3605. As such, Plaintiff has failed to allege she is a member of a protected class pursuant to the Fair Housing Act or Equal Credit Opportunity Act, and has not satisfied the first element necessary to establish a disparate treatment injury.

2. Defendant Acted with Discriminatory Intent

Navy Federal similarly asserts that Plaintiff has not provided sufficient facts to suggest that it acted with a discriminatory motive or intent. Mem. Supp. 5. In order to survive a motion to dismiss under a disparate treatment theory, a plaintiff needs "to allege facts at least supporting an inference that discriminatory animus was a motivating factor." *Chacko v. Preston*, 2024 WL 943455, at *11 (E.D. Va. March 5, 2024) (quoting *CASA de Maryland, Inc. v. Arbor Realty Tr., Inc.*, 2022 WL 4080320, at *10 (D. Md. Sept. 6, 2022)); *Corey v. HUD*, 719 F.3d 322, 325 (4th Cir. 2013). A plaintiff must establish that the defendant had a discriminatory intent or motive, either "directly through direct or circumstantial evidence, or indirectly, through the inferential burden-shifting method known as the *McDonnell Douglas* test." *See Corey*, 719 F.3d at 325 (quoting *Kormoczy v. HUD,* 53 F.3d 821, 823–24 (7th Cir.1995)); *Wise*, 496 F. App'x at 285. Accordingly, the Court will first assess whether Plaintiff has pled facts to establish direct or circumstantial evidence before assessing whether inferential evidence has been sufficiently pled.

*a. Plaintiff Fails to Demonstrate Discriminatory Intent Directly or Circumstantially*

Navy Federal argues that Plaintiff has failed to allege facts to support direct evidence of discrimination. Mem. Supp. 5. Direct evidence "encompasses conduct or statements that both (1)

reflect directly the alleged discriminatory attitude, and (2) bear directly on the contested [housing] decision." *Martin v. Brondum*, 535 F. App'x 242, 244 (4th Cir. 2013) (quoting *Laing v. Fed. Express Corp.*, 703 F.3d 713, 717 (4th Cir. 2013)). While "racially charged code words" can demonstrate discriminatory intent, "facially neutral statements, without more, do not demonstrate racial animus on the part of the speaker." *Id.* (quoting *Twymon v. Wells Fargo & Co.,* 462 F.3d 925, 934 (8th Cir.2006) (finding that "statements such as 'you don't know your place' and 'Midwest nice,' without providing any factual support or context for such speculation" was not enough to derive discriminatory animus)).

Navy Federal asserts that Plaintiff distinctly fails to allege any facts amounting to direct evidence that Navy Federal acted in a discriminatory manner. Mem. Supp. 5.

Here, Plaintiff's only direct communication with Navy Federal involves Navy Federal labelling her an "Outside Risk" and explaining its reasoning for denying her applications—i.e. Navy Federal's inability to verify Plaintiff's income. Am. Compl. 10. On its face, these statements are neutral and lack any indication of discriminatory animus. *See id.* at 244. If anything, these statements made by Navy Federal suggest that other, justifiable factors—entirely separate from Plaintiff's race—led to the denials. As such, Plaintiff has failed to allege facts demonstrating direct or circumstantial evidence of discrimination.

*b. Plaintiff's Claim Also Fails Under the* McDonnell Douglas *Framework*

Defendant similarly points out that Plaintiff's pleadings are insufficient to support an inference of discriminatory behavior of any kind under the *McDonnell Douglas* framework. *See* Mem. Supp. 5.

In order to sustain an inference of discriminatory intent or motive under the *McDonnell Douglas* test, "the Complaint must plausibly allege that: (1) plaintiffs are members of a protected class; (2) they applied for and were qualified for loans; (3) their loan application was rejected

despite those qualifications; and (4) the defendant approved loan applications for applicants with similar qualifications who are not members of a protected class." *Oliver*, 2024 WL 2786905, at *4 (first citing *Wise*, 496 F. App'x at 285; and then citing *Corey*, 719 F.3d at 325). Courts employ the *McDonnell Douglas* burden-shifting test in recognition that alleging direct evidence of discrimination is difficult. Thus, "the elements of the prima facie case [] give plaintiffs who lack direct evidence a method for raising an inference of discrimination." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005) (first citing *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253–54 (1981); and then citing *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 855 (9th Cir. 2002)) (referring to *McDonnell Douglas, Corp. v. Green*, 411 U.S. 792 (1973)); *see also Best Med. Int'l, Inc. v. Wells Fargo Bank, N.A.*, 937 F.Supp.2d 685, 694 (E.D. Va. 2013). Courts, including the Fourth Circuit, have applied this burden-shifting framework in both FHA and ECOA cases. *See Wise*, 496 F. App'x at 285 (FHA); *Corey*, 719 F.3d at 335 (ECOA). Because Plaintiff fails to plausibly allege the first and fourth element, the Court begins and ends its analysis with both of those elements.

*i. Membership in a protected class*

Just as Plaintiff has failed to allege membership in a protected class under the first element of a disparate treatment analysis, Navy Federal argues that the same is true for the first prong of the *McDonnell Douglas* test. Mem. Supp. 5. Once again, Plaintiff did not respond to Navy Federal's arguments.

As discussed *supra* Part A.1, Plaintiff has failed to allege she is a member of a protected class, which is the first step necessary in demonstrating an inference of discriminatory animus. *Oliver*, 2024 WL 2786905, at *4; *Wise*, 496 F. App'x at 285; *see generally* Am. Compl. While Plaintiff's status as an "Outside Risk" may impact her ability to receive loan approval, this

classification is not protected by either the FHA or ECOA. Am. Compl. at 9; 15 U.SC. § 1691(a)(1); 42 U.S.C. § 3605. Thus, Plaintiff fails to allege that she is part of a protected class.

*ii. Approved loans for similar applicants not in a protected class*

Finally, Navy Federal argues that Plaintiff failed to plead the fourth element of the *McDonnell Douglas* test. Navy Federal contends that Plaintiff has not alleged that it approved loans for applicants with similar qualifications. Mem. Supp. 5.

In analyzing whether a plaintiff's allegations establish that a defendant approved loan applications for applicants with similar qualifications who are not members of a protected class, courts consider whether plaintiff alleged "plausible substantive allegations" that "non-minority applicants of similar credit stature were extended credit or were otherwise given more favorable treatment than plaintiff." *Wise*, 496 F. App'x at 285; *see also Oliver*, 2024 WL 2786905, at *6.

The Court finds that Plaintiff's Complaint is devoid of any allegations that suggest other applicants with similar qualifications, who are not in a protected class, received approval for loans for which Plaintiff was denied. *See generally* Am. Compl. Without such allegations present, Plaintiff fails to meet the requirements of the fourth prong of the *McDonnell Douglas* framework.[8]

As such, Plaintiff has failed to satisfy the first and fourth elements of the *McDonnell Douglas* test and has not established inferential evidence in support of her claim that Navy Federal operated with a discriminatory intent. Because Plaintiff's allegations do not support a disparate treatment theory of liability, she has failed to state a claim under both the FHA and ECOA.

[8] The Court acknowledges that Plaintiff has met the second and third elements of the *McDonnell Douglas* framework, in that she has sufficiently alleged that she applied for and was qualified for loans, and that her loan application was rejected despite those qualifications. *Oliver*, 2024 WL 2786905, at *4. However, because Plaintiff's allegations do not satisfy the first and fourth elements of the *McDonnell Douglas* framework, Plaintiff's claim fails.

**B. Motion to Amend**

Having found that Plaintiff failed to state a discrimination claim under the FHA and ECOA, the Court now turns to Plaintiff's Motion for Leave to Amend. Therein, Plaintiff seeks to amend her Complaint to provide additional language she believes is essential to her claim. Mot. Am. 1.

Under Federal Rule of Civil Procedure 15(a)(2), a court "should freely give leave" to amend "when justice so requires." The Supreme Court has emphasized that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In accord, the Fourth Circuit's policy is to "liberally allow amendment." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) (citing *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). Thus, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). District courts may deny leave to amend "if the proposed amended [pleading] fails" to withstand Rule 12(b)(6) scrutiny. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011); *In re Trial Cap. Corp. Sec. Litig.*, 988 F.3d at 750 (citing *Katyle*, 637 F.3d at 471).

In her Motion to Amend, Plaintiff asserts that she "only seek[sic] to add one word" to her Complaint, which would not lead to undue prejudice, bad faith, or futility. Mot. Am. 1. Navy Federal counters that Plaintiff's Second Amended Complaint would be futile, as it fails to state a claim for which relief could be granted. Resp. Opp'n Mot. SAC 1–2.

Because Plaintiff only seeks to "add one word" to her Complaint, her requested amendment is futile. Plaintiff's only substantive amendment[9] to her Complaint is the addition of the word

[9] Furthermore, Plaintiff did not include the language which was constructively added into her first Amended Complaint ("the defendant [sic] adverse action letter denied the Plaintiff service stating Plaintiff was an 'Outside Risk Tolerance'"). *See generally* Am. Compl. However, even if the Court were to once again constructively add this language to Plaintiff's Second Amended Complaint, it would remain futile.

"Tolerance" after "Outside Risk." *Compare* Am. Compl (discussing Plaintiff as being an "Outside Risk"), *with* SAC ¶¶ 2–6 (now referring to "Outside Risk" as "Outside Risk Tolerance"). This amendment does nothing to address the fatal defect identified in her Amended Complaint, which the Court discussed *supra* Part A. Plaintiff's motion is futile because, as in Plaintiff's first Amended Complaint, she does not state a claim under the FHA and ECOA due to her failure to allege membership in a protected class[10] or establish that Navy Federal acted with discriminatory intent. *See* Am. Compl. at 10–11; *see generally* SAC. As such, Plaintiff's Second Amended Complaint retains the same issues present in the Amended Complaint. Thus, the Court denies Plaintiff's Motion to Amend as futile.

**C. Remaining § 1981 Claim**

Plaintiff has also raised a 42 U.S.C. § 1981 claim, which Defendant did not address in their 12(b)(6) Motion to Dismiss. While the Court is not required to do so, it will assess whether *sua sponte* dismissal of the remaining claim is appropriate.

While "*sua sponte* dismissals of complaints under Rule 12(b)(6)" are permitted, *Robertson v. Anderson Mill Elem. Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002)), district courts may "only exercise their authority to *sua sponte* dismiss inadequate complaints if 'the procedure employed is fair to the parties.'" *Id.* (quoting 5B Charles A. Wright & Arthur R. Miller, *Fed. Prac. & Proc*. § 1357 (3d ed. Oct. 2020)). "Namely, the party

[10] Plaintiff provides additional information in her Motion to Amend—including her membership in a protected class and statistics regarding Navy Federal's lending practices. *See* Mot. Am. Compl. However. the Court can only consider allegations in the complaint, exhibits that are attached to the complaint, *see* Fed. R. Civ. P. 10(c), and "document[s] attached to a motion to dismiss… when the document is 'integral to and explicitly relied on in the complaint,' and when 'the plaintiffs do not challenge [the document's] authenticity.'" *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–607 (4th Cir. 2015) (quoting *Phillips v. LCI Int'l Inc.,* 190 F.3d 609, 618 (4th Cir.1999)). Plaintiff's Motion to Amend is not part of the Complaint itself, would not attach to the Complaint if docketed, and has not been relied on by the parties. *See* Mot. Am. As such, the additional information will not be considered by the Court. Nevertheless, even if the Court were to consider Plaintiff's Motion to Amend as part of her pleading, it would not alter the Court's decision to deny the Motion, as Plaintiff still fails to allege discriminatory intent on behalf of Defendant. *See* Mot. Amend; SAC.

whose complaint stands to be dismissed must be 'afforded notice and an opportunity to amend the complaint or otherwise respond.'" *Id.* (quoting *Chute*, 281 F.3d at 319. As Navy Federal did not move to dismiss Plaintiffs' § 1981 claim, the Court will first analyze whether Plaintiff has stated a § 1981 claim before deciding whether *sua sponte* dismissal is warranted in these circumstances.

Section 1981 grants equal rights to all persons "to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." § 1981(a). While the elements required to articulate a *prima facie* case of discrimination under § 1981 largely resemble those under the FHA and ECOA, the Fourth Circuit, in an unpublished case, held that § 1981 lending discrimination cases require more relaxed standard when it came to element four. *See BNT Ad. Agency, LLC v. City of Greensboro*, 837 F. App'x 962, 971–72 (4th Cir. 2020).

In order for a plaintiff to allege lending discrimination under § 1981, discriminatory intent may be shown through either direct or circumstantial evidence, or through inferential evidence by way of the *McDonnell Douglas* burden-shifting framework, just as under the FHA and ECOA. *BNT Ad. Agency, LLC*, 837 F. App'x at 970 (citing *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016)); *see also Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004). However, the Fourth Circuit held that given "the uniqueness of the lending context," a modified version of the *McDonnell Douglas* test should be applied to § 1981 lending discrimination cases which "refute[s] the need for comparator evidence." *BNT Ad. Agency, LLC*, 837 F. App'x at at 972 (citing *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 273–75 (3d Cir. 2010)). As such, the plaintiff must allege:

> (1) He "belongs to [the] protected class;" (2) "he applied and was qualified for credit that was available from the defendant;" (3) that the "application was denied or that its approval was made subject to unreasonable or overly burdensome conditions;" and (4) that "some additional evidence exists that establishes a causal nexus between the harm suffered and the plaintiff's membership in a protected

    > class, from which a reasonable juror could infer, in light of common experience, that the defendant acted with discriminatory intent."

*Id.* at 970–71 (quoting *Anderson*, 621 F.3d. at 275). Rather than require a plaintiff to provide a comparator, the court has held that a more flexible standard, requiring a "causal nexus" between the protected status and the harm suffered, is sufficient. *See id.* The requirement that a plaintiff alleges membership in a protected class, however, remains an essential element for a § 1981 case, just as it does under the ECOA and FHA. *See* 15 U.SC. § 1691(a)(1); 42 U.S.C. § 3605. Thus, Plaintiff's failure to allege membership in a protected class similarly indicates she has not articulated an injury under § 1981. *See generally* Am. Compl.

Despite Plaintiff's failure to state a claim under § 1981, Plaintiff has not been given notice, nor the chance to respond, as Defendant failed to raise this issue in its Motion to Dismiss. Thus, in light of Plaintiff's *pro se* status and the need to promote fairness, the Court will not *sua sponte* dismiss Plaintiff's § 1981 claim. Instead, the Court orders Plaintiff to show cause as to why her remaining claim should not be dismissed given that the Complaint—as it currently stands—fails to articulate an injury under § 1981.

## V. CONCLUSION

Therefore, for the foregoing reasons, the Court will grant Defendant's Motion to Dismiss in its entirety and will deny Plaintiff's Motion to file a Second Amended Complaint. In light of Defendant's failure to address Plaintiff's § 1981 claim in its Motion to Dismiss, the Court will order Plaintiff to show cause as to why her remaining claim should not be similarly dismissed for failure to state a claim.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: September 23, 2025
Richmond, Virginia